# Nichols v. Uhl

*John H. Cartwright,* for plaintiff.

*B. R. Coppolo,* for defendant.

HIPPLE, P. J., May 31, 1951.—On March 21, 1950, plaintiff filed a complaint in trespass against defendant to recover damages alleged to have been sustained by plaintiff arising out of a collision on February 21, 1948, between a panel truck owned by plaintiff and an automobile owned by defendant.

Defendant filed an answer in the nature of a demurrer, alleging that since the collision occurred on February 21, 1948, more than two years prior to the institution of the action, it is barred by the statute of limitations: Act of March 27, 1713, 1 Sm. L. 76, sec. 1, 12 PS §31.

The action is not one to recover damages for death or personal injuries, but is solely to recover damages for injuries to personal property and can be instituted at any time not later than six years from the date of the occurrence. The statute of limitations does not begin to run until six years from the date of the occurrence, and an action brought within the period of six years from such date can be maintained: Kane v. Pursley, 32 Del. Co. 410; Ruby v. Pennsylvania R. R. Co., 58 York 45.

This action, therefore, has been brought within the statutory limitation and the demurrer must be overruled.

*Order*

Now, May 31, 1951, the demurrer filed by defendant is overruled and defendant is required to file such answer as he may be required by law to the complaint within 20 days from this date.